**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **CRIM. ACT. NO. 1:22-cr-92-TFM-B** |
| | ) | |
| **DUSTIN NICHOLAS FRENCH** | ) | |

**AMENDED ORDER**

This action is before the Court for a competency determination pursuant to 18 U.S.C. § 4247(d).  On January 27, 2023, the Court held a status conference with the attorneys in the case. Present at the hearing were Defense counsel Carlos Williams and Assistant United States Attorney Elizabeth Stepan.

Previously, French was committed to the custody of the Attorney General, for an examination as to his competency to proceed and his mental status at the time of the offense pursuant to 18 U.S.C. § 4241 and § 4242.  *See* Doc. 27.  The Court and the parties have now received a copy of the Forensic Evaluation from the Forensic Psychologist at FCI Butner in Butner, North Carolina.  *See* Doc. 38, Sealed.  The Psychologist completed a mental health evaluation pursuant to 18 U.S.C. § 4241.  Though the report is sealed, it generally opines that Defendant suffers from a mental disease or defect which renders him mentally incompetent to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  The BOP Forensic Psychologist recommends that Defendant be committed to the custody of the Attorney General for restoration of competency pursuant to 18 U.S.C. § 4241(d).

The Psychologist found that the prognosis for restoration was guarded given French's refusal to cooperate with psychiatric treatment and medications.  The Psychologist recommended an additional period of evaluation and treatment at a Federal Medical Center pursuant to 18 U.S.C.

§ 4241(d) to restore competency.

At the January 27, 2023 conference, counsel for both the United States and Defendant agreed that based upon the Psychologist's report and recommendations that they would concur with a finding that French should remain in the custody of the BOP for further treatment towards restoration of competency.

Accordingly, upon consideration of the Forensic Evaluation and opinion, which the Court adopts as its reasoning and opinion, and the parties' positions as set forth at the hearing, the Court finds by a preponderance of the evidence that French is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[.]" 18 U.S.C. § 4241(d).

Accordingly, French shall be committed to the custody of the Attorney General who shall hospitalize him for treatment in a suitable facility "(1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future [French] will attain the capacity to permit the proceedings to go forward[.]" 18 U.S.C. § 4241(d)(1). If additional time is needed, the Bureau of Prisons, the United States, or Defendant French can request an extension under § 4241(d)(2) which provides "for an additional reasonable period of time until-- (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or (B) the pending charges against him are disposed of according to law; whichever is earlier." 18 U.S.C. § 4241(d)(2). "If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of

sections 4246 and 4248."

Should the Director of the facility in which French is hospitalized pursuant to this order determine that he "has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense", the Director "shall promptly file a certificate to that effect" with the Clerk of this Court. 18 U.S.C. § 4241(e). The Clerk shall send a copy of the certificate to French's counsel and to the attorney for the United States.

Thereafter, this Court will schedule a hearing pursuant to the provisions of 18 U.S.C. § 4247(d) to determine French's competency. If, after the hearing, the Court finds by a preponderance of the evidence that French has "recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him he is able to assist properly in his defense," the Court will order his discharge and transfer from the facility in which he is hospitalized and will set this action for trial or other disposition. 18 U.S.C. § 4241(e).

French was previously sent to FCI Butner for the competency evaluation, but the facility is currently unable to perform the capacity restoration and requests that French be returned to the custody of the United States Marshals. The United States Marshals are **DIRECTED** to take custody of French until the Attorney General designates a suitable facility under § 4241(d). The United States Marshal shall house him an appropriate temporary facility pending designation by the Bureau of Prisons. Additionally, the United States Marshal is **DIRECTED** to notify the Clerk of Court immediately upon French's return to the Southern District of Alabama.

**DONE** and **ORDERED** this 1st day of February, 2023.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE